**UNITED STATES of America, Plaintiff,**

**v.**

**Donald V. CRAIG, et al., Defendants.**

**No. 95–CV–6507.**

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1996.

Carol P. Lenhart, Charles M. Flesch, Department of Justice, Tax Division, Washington, DC, for Plaintiff.

Timothy Zearfoss, Hennessy & Scheinfield, Lansdowne, PA, for Defendants.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

In this action, the United States seeks to: (1) bring to judgment outstanding tax assess-

ments; (2) set aside a certain conveyance of real property as fraudulent as to the government; and (3) foreclose tax liens on that real property. We resolve today the Government's motion for summary judgment.

## I

■ When addressing a motion for summary judgment, a court considers whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence presented is sufficiently probative that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All facts and reasonable inferences must be viewed in the light most favorable to the party opposing the motion. *Id.* at 255, 106 S.Ct. at 2513. Although the moving party must demonstrate the absence of a genuine issue of material fact, the non-movant "must establish the existence of each element on which it bears the burden of proof." *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir.1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

## II

In 1990, 1991, and 1992, the United States made tax assessments against Defendant Donald V. Craig. The assessments were levied in the following amounts, exclusive of interest and penalties:

| Year | Assessment |
|------|------------|
| 1987 | $292,329.00 |
| 1988 | $1,882.00 |
| 1989 | $15,718.00 |
| 1990 | $2,589.00 |
| 1991 | $1,007.10 |

In its complaint, the Government alleges that as of September 13, 1994, Mr. Craig was indebted to it in a total amount in excess of $830,000. In 1990, 1992, and 1993, the Gov-

ernment recorded federal tax liens against Mr. Craig with the Prothonotary for Philadelphia County, in the respective amounts of $16,080.16, $23,536.10, and $802,694.33.

In 1987, Mr. Craig purchased real property at 1416–18 Golf Road, Philadelphia, Pennsylvania (the "property"). By deed dated December 2, 1988, Mr. Craig transferred all of his interest in the real property to himself and his common law wife, Sophia Hardy, as joint tenants, for the consideration of $1.00. The deed of conveyance was not recorded until September 5, 1989.

The United States subsequently brought the instant action, seeking to bring to judgment the outstanding tax assessments, to set aside the December 2, 1988 conveyance, and to foreclose on the property. During the course of this litigation, Mr. Craig, and his tax advisor, William E. Young, reviewed the 1987 assessment with Internal Revenue Service ("IRS") personnel. The review resulted in a significant reduction of Mr. Craig's 1987 federal tax assessment; thus, the Government now seeks summary judgment for the corrected tax liability for 1987, as well as the unchallenged assessments for the tax years 1988 through 1991.

## III

We now turn to address the merits of the Government's motion, viewing the facts presented in a light most favorable to Mr. Craig.

### A. *The Tax Assessments*

■ The Government contends first that summary judgment should be entered against Mr. Craig for the unpaid tax assessments. It is presumed that tax assessments are valid and "establish a *prima facie* case of liability against a taxpayer." *Freck v. Internal Revenue Service*, 37 F.3d 986, 992 n. 8 (3rd Cir.1994) (citing *United States v. Janis*, 428 U.S. 433, 440–41, 96 S.Ct. 3021, 3025–26, 49 L.Ed.2d 1046 (1976)); *Sullivan v. United States*, 618 F.2d 1001, 1008 (3rd Cir.1980). The burden therefore rests with the taxpayer to show that an assessment is erroneous. *Sullivan*, 618 F.2d at 1008. Further, "[p]roof that an assessment is incorrect does

away with the government's presumption . . . but it does not wipe out the taxpayer's liability." *United States v. Schroeder,* 900 F.2d 1144, 1148 (7th Cir.1990). Thus, even though a taxpayer demonstrates that an assessment is erroneous, it is not voidable because it is incorrect, but will be adjusted to reflect the proper liability. *Id.*

In reply to Mr. Craig's response to its original motion, the Government concedes that the first assessment had been excessive, but asserts that it is entitled to summary judgment as to the corrected amount. In sworn affidavits, Mr. Craig and his tax advisor, Mr. Young, claim that there are additional deductions which should be allowed and which would further reduce the tax liability. However, during depositions, Mr. Craig and Mr. Young both admitted that they had agreed to the adjusted assessment made by the IRS and that Mr. Craig could not proffer documentation to support a further reduction of his tax liability. Dep. of William Young at 44–46, 60–61; Dep. of Donald Craig at 13–14.

The factual evidence reveals that there is no dispute concerning Mr. Craig's outstanding tax liability. Mr. Craig does not dispute the assessments for the years 1988 through 1991; thus, there is no possible factual dispute as to those assessments. Further, with regard to the assessment for 1987, originally excessive and subsequently reduced, Mr. Craig can now only make the bald assertion that other deductions should be allowed, but is unable to produce documents to support these deductions. These assertions, without more, are insufficient to create a factual dispute. Accordingly, summary judgment is appropriate for the corrected liability for the tax year 1987 and the original assessments for the tax years 1988 through 1991.

B. *The Conveyance*

 We next turn to address the Government's claim that the conveyance of the property at 2416–18 Golf Road from Mr. Craig to himself and Sophia Hardy is void as to the United States, and thus, cannot prevent foreclosure to satisfy Mr. Craig's unpaid tax assessments. The United States be-

comes a creditor of a taxpayer from the date when taxes are due. *United States v. Klayman,* 736 F.Supp. 647, 649 (E.D.Pa.1990). Thus, with respect to the taxes due for 1987, the United States is deemed a creditor of Mr. Craig as of April 15, 1988. Under Pennsylvania law, all conveyances of land must be recorded within ninety days after the execution of the conveyance, and any conveyance which shall not be so recorded is deemed fraudulent and void against a creditor. 21 Pa.Stat.Ann. §§ 351, 444; *Raimo v. United States,* No. 87–6135, 1987 WL 28361, at *1 (E.D.Pa. Dec. 21, 1987). Thus, Mr. Craig's attempted transfer of the property is plainly void as to the United States. The deed which purported to transfer the property is dated December 2, 1988, but was not recorded until September 9, 1989. Accordingly, the United States may properly foreclose on the property in order to satisfy the tax liability.

IV

For the reasons stated above, we will grant the Government's motion for summary judgment so far as it reflects the corrected tax assessment for the year 1987 as well as the unchallenged assessments for the years 1988 through 1991. An appropriate order follows.

### *JUDGMENT AND ORDER*

AND NOW, this 13th day of August, 1996, upon consideration of the Motion for Summary Judgment filed by the United States in this matter, along with the accompanying memorandum and exhibits, it is hereby determined that the motion should be GRANTED. As such,

IT IS HEREBY ORDERED that:

Judgment is hereby entered in favor of the United States and against Donald Craig for income taxes, penalties, and interest owed by Craig for the years 1987, 1988, 1989, 1990, and 1991 in the amount of $338,704.02 plus additional statutory interest from September 13, 1994.

IT IS FURTHER ORDERED:

1. That the transfer of the property at issue in this matter from Donald Craig to himself and his purported common law wife

Sophia Hardy dated December 2, 1988, is deemed to be null and void under Pennsylvania law. As such, full title to the property is hereby declared to have been vested in Donald Craig continuously from November 16, 1987 to the present time.

2. That the United States has valid and subsisting tax liens against all property and rights to property of Donald Craig.

3. That the United States is entitled to satisfy the tax liabilities of Donald Craig by the foreclosure of this judgment and its filed tax liens, as described in the complaint filed in this matter, against the real property located in Philadelphia County, Pennsylvania, more particularly described as follows:

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.

SITUATE on the Southwesterly side of Golf Road, formerly named Farson Street (laid out and opened of the width of Fifty feet at right angles with City Avenue and at distance of three hundred ninety five feet Northeasterwardly from the Northeasterly side of Bryn Mawr Avenue) at the distance of four hundred forty five feet Southeastwardly from the Southeasterly side of City Avenue (as opened of the width of eight feet) in the 52nd Ward of The City of Philadelphia.

CONTAINING in front or breadth on the said Golf Road Sixty feet and extending of that width in length or depth Southwestwardly between parallel lines at right angles to the said Golf Road one hundred seventy five feet.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid certain private drain or sewer 10 inches in diameter laid across the rear end of the lots fronting on said Golf Road to the Northwesterly line of Overbrook Avenue and thence along the same and connected with a public sewer in Bryn Mawr Ave. at all times hereafter forever.

BEING NOS. 2416–2418 GOLF ROAD.

IT IS FURTHER ORDERED:

1. That the United States Marshal in and for the Eastern District of Pennsylvania or his representative, be and hereby is authorized pursuant to 28 U.S.C. Sections 2001 and 2002 to offer for sale at public auction, the real property situated at 2416–2418 Golf Road, Philadelphia, Pennsylvania 19131–1417, more particularly described in paragraph 3 above.

2. That the said real property be sold by public auction at a time and place situated in Philadelphia County, Pennsylvania, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. Sections 2001 and 2002, to be announced by the United States Marshal after first being advertised once each week for such four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Philadelphia County, Pennsylvania and by any other notice that the United States Marshal or his representatives in his discretion may deem appropriate. The notice of sale shall contain a description of the realty and shall contain the terms and conditions of sale in this judgment and decree.

3. That said real property shall be sold to the highest bidder subject to unpaid ad valorem property taxes with plaintiff having the right to withdraw the property from bidding at any time prior to the acceptance of a bid, if in plaintiff's opinion, the bids are inadequate.

4. The sale shall be subject to building lines if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions or record, if any.

5. That said real property shall be sold free and clear of the federal tax liens identified below in paragraph 13.

6. That no bids (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, or his representative, proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that,

if they are the successful bidder, they can make the deposit required by this order.

7. That the balance of the purchase price shall be paid to the United States Marshal within sixty (60) days after the date the bid is accepted by a certified or cashier's check payable to the United States Marshal for the Eastern District of Pennsylvania. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the realty shall be again offered for sale under the terms and conditions of the judgment and decree.

8. The sale of the realty shall be subject to confirmation by this Court. On confirmation of the sale, the United States Marshall shall execute and deliver a deed of judicial sale conveying the realty to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the realty that are held or asserted by plaintiff or any of the defendants in this action are discharged and extinguished.

9. No later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal shall file a report of sale with the court, together with a proposed order of confirmation of sale and a proposed deed.

10. The Prothonotary of Philadelphia County, Pennsylvania shall proceed to recording of the deed in favor of the purchaser(s).

11. Pending the sale of the above-described real property as ordered herein, and for the purposes of preserving the said property and placing it in a proper condition for sale, the United States Marshal is authorized to take possession and custody of the real property, to have free access to the premises and to take all action necessary to preserve said property between the date of this order and date of confirmation of sale by this court.

12. Until the realty is sold, Donald Craig and Sophia Hardy may remain on the premises and shall take all reasonable steps necessary to preserve the realty (including all buildings, improvements, fixtures and appurtenances on the realty) in its current condition including, without limitation, maintaining fire and casualty insurance on the realty. Donald Craig and Sophia Hardy shall not commit waste against the realty, nor shall they cause or permit anyone else to do so. They shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

13. The proceeds from the sale of the above-described real property shall be distributed in the following order:

 A. The expenses of the sale;

 B. The federal tax liens of the United States described in the preceding Memorandum.

14. No later than twenty days after distributing the proceeds, if any, the United States Marshal shall file a final report of distribution with the Court after which the Court shall close the case.